SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR - 1 2023
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                      CRIMINAL NO. 3:23-CR-14-CWR-FKB

DALE BRETT DIBIASE                      18 U.S.C. § 371

**THE UNITED STATES CHARGES:**

**General Allegations**

At all times material to this Information, unless otherwise specified:

**Relevant Background**

1. The Mississippi Department of Human Services ("MDHS") was a Mississippi state entity responsible for, among other things, overseeing the distribution of federal funds from the Temporary Assistance to Needy Families program ("TANF") and other federal programs. MDHS received in excess of $10,000 a year in federal benefits during each relevant calendar year.

2. TANF was a federal safety-net program of the United States Department of Health and Human Services that provided federal funds to states and territories to provide assistance to low-income families with children.

3. Recipients of TANF funds were required to follow certain regulations and reporting requirements to ensure the funds were used in alignment with the goals of the TANF program.

**Relevant Entities**

4. Organization 1 was a non-profit organization registered in Mississippi on or about June 22, 1992.

5. Organization 2 was a non-profit organization registered in Mississippi on or about May 22, 1998.

6. Restore2, LLC was a Limited Liability Company registered in Mississippi on or about August 21, 2018.

**Defendant and Co-Conspirators**

7. Defendant **DALE BRETT DIBIASE** ("DIBIASE"), a resident of Hinds County, Mississippi, was the owner of Restore2, LLC.

8. John Davis ("Davis") was appointed as the executive director of MDHS and served in that capacity from on or about February 1, 2016, until on or about July 31, 2019. As the executive director, Davis was an agent of MDHS.

9. Co-Conspirator 1 was the executive director of Organization 1.

10. Co-Conspirator 2 was the executive director of Organization 2.

11. Co-Conspirator 3 was a resident of Madison County, Mississippi.

**COUNT 1**
**(18 U.S.C. § 371 – Conspiracy)**

12. Paragraphs 1 through 11 of this Information are re-alleged and incorporated by reference as though fully set forth herein.

13. Beginning in or around 2016 and continuing through at least in or around 2019, the exact dates being unknown, in Hinds County in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant, **DALE BRETT DIBIASE**, knowingly and willfully, that is, with intent to further the objects of the conspiracy, conspired and agreed with Davis, Co-Conspirator 1, Co-Conspirator 2, Co-Conspirator 3, (collectively, the "Co-Conspirators"), and other individuals, known and unknown, to commit certain offenses against the United States, namely:

  a. to knowingly and intentionally devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343; and

  b. to embezzle, steal, obtain by fraud, and otherwise without authority knowingly convert to the use of any person other than the rightful owner and intentionally misapply, property that was valued at $5,000 or more, and was owned by, and was under the care, custody, and control of MDHS, which received during each of the relevant calendar years federal benefits in excess of $10,000, in violation of Title 18, United States Code, Section 666(a)(1)(A).

## The Purpose of the Conspiracy

14. The purpose of the conspiracy was for **DIBIASE**, Davis, the Co-Conspirators, and others to obtain through fraud and to divert for their personal use and benefit federal funds intended for needy families and low-income individuals.

## Manner and Means of the Conspiracy

15. The manner and means by which **DIBIASE**, Davis, the Co-Conspirators, and others sought to accomplish and did accomplish the purpose of the conspiracy included, but were not limited to, the following:

16. In furtherance of the conspiracy, after federal funds, including TANF funds, were issued to MDHS for distribution to needy families and low-income individuals, Davis, and at times others, directed MDHS to subgrant these funds to Organization 1 and Organization 2 under

3

the false pretense that both Organization 1 and Organization 2 would use the federal funds solely to fulfill the goals and mandates of the federal programs from which the funds originated and consistent with the programs' rules and regulations.

17.     In furtherance of the conspiracy, Davis, and at times others, directed MDHS, Co-Conspirator 1 for Organization 1, and Co-Conspirator 2 for Organization 2 to award sham contracts purportedly for the delivery of social services to various individuals and entities, including directing MDHS and Organization 2 to award sham contracts to **DIBIASE** and his company, Restore2, LLC.  Davis, and at times others, personally selected the recipients of these sham contracts knowing that those individuals and entities were not qualified to provide social services and/or would not provide them.

18.     In furtherance of the conspiracy, Davis directed Co-Conspirator 1 and Co-Conspirator 2 to hire individuals to work at Organization 1 and Organization 2, including directing Organization 1 to hire **DIBIASE**.  Davis, Co-Conspirator 1, Co-Conspirator 2, and others knew that **DIBIASE** and other individuals whom Davis directed Organization 1 and Organization 2 to hire were not qualified to work for either organization and/or would not perform the work promised.

19.     In furtherance of the conspiracy, MDHS, Organization 1, and Organization 2 provided federal funds to **DIBIASE** and his company Restore2, LLC for social services that he did not provide, and **DIBIASE** used those federal funds for his own personal benefit.

20.     As a result of the actions of **DIBIASE**, Davis, the Co-Conspirators, and others, millions of dollars in federal safety-net funds were diverted from needy families and low-income individuals in Mississippi.

### Overt Acts

21.   In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in Hinds County in the Northern Division of the Southern District of Mississippi and elsewhere:

22.   On or about April 15, 2018, **DIBIASE** sent the following text message to Davis: "What's the name of [Co-Conspirator 1's] company I work for."

23.   On or about June 15, 2018, Organization 2 entered into a contract with **DIBIASE** for approximately $130,000 purportedly in exchange for providing services related to substance abuse and addiction programs.

24.   On or about June 26, 2018, Organization 2 made a payment through interstate wire communications in the approximate amount of $130,000 in federal funds to **DIBIASE**.

25.   On or about December 12, 2018, MDHS, at Davis's direction, entered into a contract with Restore2, LLC for approximately $48,000 purportedly in exchange for providing training to MDHS employees on opioid abuse.

All in violation of Title 18, United States Code, Section 371.

### NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

Pursuant to Fed. R. Crim. P. 32.2(a), **DIBIASE** is hereby notified that upon pleading guilty to both counts of this Information, he shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, constituting, or derived from, any proceeds **DIBIASE** obtained, directly or indirectly, as the result of such violation.

The property subject to forfeiture includes United States currency in the form of a money judgment representing the proceeds **DIBIASE** received in the course of the violations charged in

this Information.

If any of the directly traceable forfeitable property, as a result of any act or omission of the defendant:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred to, or deposited with, a third party;

c. Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be divided without difficulty;

then it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), and as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of **DIBIASE** up to the amount of proceeds **DIBIASE** received in the course of the violations charged in this Information.

Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p).

DARREN J. LAMARCA
United States Attorney
Southern District of Mississippi

GLENN S. LEON
Chief, Fraud Section
Department of Justice

BRENT S. WIBLE
Chief, Money Laundering and Asset Recovery Section
Department of Justice